# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 17-50657
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FRANCISCO J. ROMAN, also known as Francisco Javier Roman-Reyna, also known as Francisco Javier Reyna, also known as Roman Francisco,

Defendant - Appellant

———————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CR-93-1

———————————

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Francisco J. Roman challenges his within-Guidelines sentence of 18 months' imprisonment, imposed upon his guilty-plea conviction for illegal reentry into the United States, in violation of 8 U.S.C. § 1326. He contends the sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals in 18 U.S.C. § 3553(a).

———————————

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-50657

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Because Roman did not raise his substantive-unreasonableness challenge in district court, review is only for plain error. *E.g.*, *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). (Recognizing his following contention is foreclosed by our precedent, Roman notes there is a circuit split on whether the failure to object to the reasonableness of a sentence results in plain-error review; and he raises that issue to preserve it for possible further review.)

Under the plain-error standard, Roman must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Roman contends his sentence fails to reflect his personal history and circumstances, does not sufficiently account for his motivation in returning to the United States, and is greater than necessary to provide adequate deterrence and to protect the public. He notes he lived in the United States for

No. 17-50657

25 years, returned to be with his family, did not commit a violent crime or pose a danger to others, and has abstained from drinking alcohol since 2013. He further asserts his sentence overstates the seriousness of his offense, fails to provide just punishment, and undermines respect for the law because Guideline § 2L1.2 lacks an empirical basis, disproportionately punishes what is essentially a non-violent "international trespass", and overemphasizes defendant's criminal history by double counting prior convictions in the offense level and in the criminal-history calculation. (As to his challenge regarding Guideline § 2L1.2, Roman concedes our court has rejected the proposition the Guideline is substantively unreasonable because it lacks empirical support or effectively double-counts defendant's criminal history. *United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009). Regardless, he raises the issue to preserve it for possible further review.)

Roman cannot show clear or obvious error because sentences falling within the Guidelines sentencing range are presumptively reasonable, and his sentence was well within the Guidelines sentencing range. *E.g.*, *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). His assertions do not rebut the presumption of reasonableness. *United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008); *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

AFFIRMED.